REED ROLLER BIT CO. v. LITTLE NICK OIL CO.

No. 32060. March 25, 1947.

*178 P. 2d 892.*

Thomas B. Losey, of Chickasha, for plaintiff in error.

Hatcher & Bond, of Chickasha, for defendant in error.

ARNOLD, J. Reed Roller Bit Company, a corporation, commenced this action against Little Nick Oil Company, a corporation, in the district court of Grady county to recover judgment on an alleged indebtedness of $878.31.

The trial court sustained a motion by defendant to make the petition more definite and certain as to whether the alleged indebtedness was based on a sale or lease of the equipment described in the petition and whether the contract therefor was oral or written and if in writing to attach copies thereof to the petition.

In its amended petition plaintiff asserted without qualification that all of the equipment was "purchased" by the defendant and "sold" by the plaintiff in pursuance of the terms and provisions of the written authorization orders thereto attached. If this solemn declaration of the plaintiff is true, all the supplies, the value of which as set forth in the written orders is herein sued for, were sold at the time of delivery and not leased. In view of all the facts and circumstances this must be accepted as true. It is obvious, therefore, that the contention of plaintiff that no statute of limitation began to run until demand for payment is wholly untenable and the cases cited by it on this point are not applicable. The amount claimed was the same as in the original petition but the itemized statement attached showed a charge of $216 and a credit by cash in the same amount, which did not appear in the first itemized statement of account attached to the original petition.

Defendant answered by verified general denial, pleaded the statute of limitation of five years, and alleged payment. In its answer the defendant said:

"That it purchased all the items mentioned in the plaintiff's petition but states that the defendant has paid for all of said items except those that were returned by agreement of the parties and that it was agreed between the plaintiff and defendant that the defendant would get full credit on all returns and the plaintiff has failed and neglected to give this defendant credit for payments made and returns made by the defendant to the plaintiff; that the plaintiff's account has been paid and settled in full and this defendant owes the plaintiff nothing."

Plaintiff replied by verified general denial.

A jury was waived and the case was tried to the court. At the close of plaintiff's evidence defendant demurred thereto on the ground the evidence failed to sustain the cause of action, and for the further reason that the cause of action is shown to be barred by the five-year statute of limitation. The demurrer was sustained and judgment rendered for defendant.

Plaintiff has assigned four grounds of error, but in its brief its principal argument is directed to the second assignment of error, which reads:

"Court erred in overruling plaintiff's motion requesting under the pleadings that defendant assume burden of proof."

The other assignments are argued briefly under the alleged error of the court in overruling plaintiff's motion for new trial.

At the opening of the trial plaintiff requested the court to make an order requiring defendant to assume the burden of proof under its allegation of payment made in its answer to the amended petition. This motion and request by plaintiff was overruled.

Defendants verified general denial put in issue the amount, date and all material circumstances surrounding the alleged credit of $216, without which the entire claim of plaintiff showed on its face to be barred. Both parties concede that the suit is based upon written authorization orders and the five-year statute, if any, would apply. Neither of the orders attached bears a date later than November, 1937. The fact that defendant included in its answer an affirmative allegation of payment and settlement of its indebtedness to plaintiff did not shift the burden of proof upon this issue presented by the amended petition and the verified denial, as to the date of the alleged credit.

Under its claim of error of the trial court in overruling its motion for new trial, plaintiff urges that the verified account attached to its amended petition showing a credit of $216 on May 17, 1938, tolled the statute of limitation, and that it was entitled to recover judgment under its evidence. On this issue the only witness called by plaintiff, Mr. Miller, its Oklahoma district manager, identified the authorization orders pleaded and two $200 checks bearing date November 5 and 11, 1937, which were presented and paid May 17, 1938. The following letter dated December 20, 1937, written by the plaintiff's office manager, was introduced as a part of the cross-examination of the witness Miller, who also testified that on May 17, 1938, a credit of $216 was made "against invoice No. 8061":

"In accordance with your request of the 17th, we list below our charges for material delivered to your company in October and November, nothing having been delivered during the month of December: . . .

"We are holding your checks No. 1279 and 1334 totalling $400.00 which

leaves a balance due of $272.10. We are unable to turn your checks in to our Houston office due to the fact that the amount of these checks does not correspond to the amount of any of our charges. If we might have an additional check from you for the above balance, we could then write up a cash sale invoice and forward your checks to our Houston office in payment of the account."

When plaintiff filed its original petition with its verified itemized account attached thereto, the items represented by the $216 charge and the $216 credit shown in the verified itemized account attached to the amended petition did not appear therein. When the order of the court was entered requiring copies of the written orders to be attached to plaintiff's amended petition, those orders covering the items included in the original verified account, each and all, showed on their face that they were barred by the statute of limitation.

If the original verified account was correct, why were the $216 item and the $216 credit added thereto when it was refiled as an exhibit to the amended petition? This action was commenced February 8, 1943, while the alleged credit of $216 is dated May 17, 1938. If we look to the authorization No. 8061, covering this $216 item, we find that it bears date November 8, 1937.

With reference to purchase order No. 8061, Miller testified that John B. Nichols gave him two checks, each for $200, to be applied on certain articles purchased from plaintiff; that $216 of that amount was to be applied to payment of the $216 charge shown in order No. 8061; that at the request of Nichols he held those checks for a long time before he cashed them; that when he cashed them he applied the proceeds as he had been directed. Plaintiff's delivery report covering the items in order No. 8061 shows that they were invoiced as "cash sales". Why cash sales items ordered and paid for four years previously should have been included in the account made an exhibit to plaintiff's amended petition and here sued on is not explained in the evidence nor in

364

plaintiff's brief. Regardless of the reason for the delay in the presentation and payment of the checks, $216 of the aggregate of them was applied as testified by Mr. Miller against written order No. 8061 and said order and the obligation thereof were extinguished. The purported credit was, in fact, payment of this order, which is one of the causes of action alleged by plaintiff. No other credit is alleged or claimed and, in fact, the evidence of plaintiff shows and it asserts that the balance received on the checks was applied on "bills payable".

Under the allegations of the petition, the admissions and assertions here made, and the uncontradicted evidence of the plaintiff, the conclusion is inescapable that no payment was made on any of the written orders, remaining unextinguished at time suit was filed. It is, therefore, conclusively shown that the statute of limitation had run and the demurrer to the evidence was properly sustained.

Affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY, BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.